# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

SHARON M. RUDD,

Debtor.

Case No. A09-00187-DMD

Chapter 13

**Filed On
6/22/09**

## MEMORANDUM REGARDING INFORMAL CLAIM FOOTNOTES

In a Chapter 13 plan filed April 21, 2009, the debtor added four footnotes with identical content. The footnotes state: "By listing the creditor in the table below, the debtor shall be considered to have filed an informal claim on behalf of the indicated creditor." The footnotes were placed in four separate sections of the plan, ¶¶ 2.d, 2.e, 2.f and 2.g. Paragraph 2.d deals with the "Cure of Arrearages on Secured Claims That are Not Modified," but no creditor claims are listed in this portion of the plan. Paragraph 2.e deals with "Modified Secured Claims," and lists two creditors: the Internal Revenue Service, with an estimated secured claim of $15,000.00, and Alaska USA Federal Credit Union, with a secured claim for $1,235.00. Paragraph 2.f deals with "Secured Claims Not Modified," and lists Alaska USA Federal Credit Union with an estimated balance due of $12,955.56. Paragraph 2.g deals with the treatment of "Allowed Priority Unsecured Claims," and lists the Internal Revenue Service, for income tax for "various" periods, in the sum of $20,151.00. The intent of the footnote applicable to these sections is to have the listing of these creditors within the plan constitute an "informal" proof of claim, filed by the debtor on their behalf.

There are provisions in the Bankruptcy Code and Rules which permit a debtor to file a proof of claim on behalf of a creditor. But the creditor gets the first opportunity to

file a claim. "A creditor or indenture trustee may file a proof of claim."[1] If the creditor does not timely file a proof of claim, then "the debtor or trustee may file a proof of such claim,"[2] within 30 days after the creditor's deadline for filing the claim has expired.[3] If a claim is filed on a creditor's behalf, the bankruptcy court clerk must give notice of the filing to the creditor, the debtor and the trustee.[4] However, there is no provision in the Bankruptcy Code or Rules which permits a debtor to file an informal proof of claim on a creditor's behalf.

Nor does Ninth Circuit case law give the debtor the right to file an informal claim. The cases which discuss informal proofs of claim have all considered documents which were filed or submitted by a creditor rather than a debtor. In *Franciscan Vineyards,*[5] the County of Napa sent a letter to the chapter 7 trustee prior to the claims bar date. The letter enclosed two tax bills of the debtor. The Ninth Circuit found that the letter and the tax bills were a timely filed informal proof of claim. In *Sambo's Restaurant, Inc.*,[6] a creditor filed a wrongful death action against Sambo's in federal district court. She also sent correspondence to the debtor's counsel and joined in the debtor's motion to transfer her wrongful death action to the bankruptcy court. These actions were all performed prior to the claim bar date which had been set in Sambo's chapter 11 case. The creditor did not file a

---

[1] 11 U.S.C. § 501(a).

[2] 11 U.S.C. § 501(c).

[3] Fed. R. Bankr. P. 3004.

[4] *Id.*

[5] *County of Napa v. Franciscan Vineyards, Inc. (In re Franciscan Vineyards, Inc.)*, 597 F.2d 181 (9th Cir. 1979).

[6] *Sambo's Restaurants, Inc. v. Wheeler (In re Sambo's Restaurants, Inc.)*, 754 F.2d 811 (9th Cir. 1985).

timely proof of claim, however. The Ninth Circuit found that the creditor's complaint, combined with the related documents, constituted an amendable informal proof of claim.[7] Finally, in *Anderson-Walker Industries, Inc.*,[8] a creditor mailed a letter to the chapter 7 trustee. The letter stated the amount the debtor owed to the creditor, and a balance sheet showing the amount due was enclosed with it. The letter was sent prior to the expiration of the claim bar date. The Ninth Circuit held that the creditor's correspondence was an amendable informal proof of claim. In no instance has the Ninth Circuit found a document submitted by the debtor, or a debtor's chapter 13 plan, to constitute an informal claim. Nor, for that matter, has any other court.[9] Rather, an informal claim is a document submitted by a creditor which shows that a demand is being made against the estate and that the creditor intends to hold the estate liable.[10]

There is no statutory authority or case law which provides for the filing of an informal claim by a debtor. Instead, the debtor may file a claim on a creditor's behalf, after the claim bar date has expired, if the creditor fails to do so. Here, that step was unnecessary. The Internal Revenue Service filed a timely claim on May 12, 2009, and an amended claim on June 19, 2009.[11] Alaska USA Federal Credit Union filed 10 claims on May 13, 2009; six

---

[7] *Id.* at 816.

[8] *Anderson-Walker Ind., Inc. v. LaFayette Metals, Inc. (In re Anderson-Walker Ind., Inc.)*, 798 F.2d 1285 (9th Cir. 1986).

[9] See cases listed at 9 COLLIER ON BANKRUPTCY ¶ 3001.05[1], pp. 3001-13 to 3001-14 (15th ed. revised 2009).

[10] *Anderson-Walker*, 798 F.2d at 1287-88, *citing Franciscan Vineyards*, 597 F.2d at 183.

[11] Claim No. 3.

as secured claims[12] and four as general unsecured.[13] Instead of attempting to deal with these creditors by providing "informal claim" footnotes in the plan, the debtor here should be dealing with the merits of the claims which have actually been filed by the creditors.

Finally, even if the creditors here had not filed formal claims, I find that the debtor's use of the informal claim footnotes is misleading and confusing to creditors. A creditor reviewing the plan may conclude, on the basis of the footnote, that it is unnecessary for it to file a formal proof of claim. This would be detrimental to unsecured and priority creditors, who must file a timely claim in order to share in a plan distribution.[14]

For the foregoing reasons, confirmation of the debtor's chapter 13 plan will be denied. An order will be entered consistent with this memorandum.

DATED: June 22, 2009.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:    R. Crowther, Esq.
           Alaska USA Fed'l Credit Union (Attn: Jason Kern)
           L. Compton, Trustee
           U. S. Trustee

06/22/09

---

[12] Claims No. 4, 5, 6, 8, 12 and 13.

[13] Claims No. 7, 9, 10 and 11.

[14] *Internal Revenue Service v. Osborne (In re Osborne)*, 76 F.3d 306, 310-11 (9th Cir. 1996).

4